UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

**03-12632 PBS**  Civil Action No.: _____

| | |
|---|---|
| NATIONAL MEDICAL CARE, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED SYSTEMS INTEGRATORS CORPORATION and USI REAL ESTATE BROKERAGE SERVICES, INC. | ) |
| Defendants, | ) |
| and | ) |
| REAL ESTATE BROKERAGE SERVICES, INC. | ) |
| Third-Party Defendant. | ) |

MAGISTRATE JUDGE _____

## NOTICE OF REMOVAL

To the honorable judges of the United States District Court for the District of Massachusetts, Eastern Division:

The Removing Parties, United Systems Integrators Corporation and USI Real Estate Brokerage Services Inc. (collectively referred to herein as "USI"), by the undersigned attorney, respectfully state as follows:

1. USI, the Removing Parties, are the Defendants in the above-captioned action.

2. On October 22, 2003, the above-entitled action was commenced against USI in Middlesex Superior Court and is now pending therein as Civil Action No. 03-4345.

3. On December 4, 2003, USI through the undersigned attorney accepted service of the Summons, Complaint, Civil Action Cover Sheet, First Request for Production of Documents, and Order granting Plaintiff's Motion for Special Process Server.

4. On December 23, 2003, USI served and filed its Answer and Counterclaim. USI named Real Estate Brokerage Services, Inc., as a third-party defendant and asserted claims against it arising out of the same contract that forms the basis of the above-captioned action. The interests of Real Estate Brokerage Services, Inc. are aligned with those of the Plaintiff.

5. The amount in controversy in the above-entitled action, exclusive of interest and costs, exceeds $75,000.

6. Plaintiff, National Medical Care, Inc., is a Delaware corporation with a principal place of business in Massachusetts.

7. Defendants, USI, are Connecticut corporations with a principal place of business in Connecticut.

8. Third-party Defendant, Real Estate Brokerage Services, Inc., is a Delaware corporation with a principal place of business in Massachusetts.

9. The above-entitled action is a civil action involving claims that arise from a written contract entered into by the Plaintiff and the Defendants for the provision of real estate services.

2

10. This Court has original jurisdiction of the above-captioned action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs and is between corporations that are citizens of different states for diversity purposes. The above-captioned action may, therefore, be removed pursuant to 28 U.S.C. § 1441(a).

11. Copies of all papers served on USI, including the Summons, Complaint, Civil Action Cover Sheet, First Request for Production of Documents, and Order granting Plaintiff's Motion for Special Process Server, are attached hereto as Exhibits A through E.

12. This notice is being filed with this Court within 30 days after service on USI of the Summons and Complaint.

13. Pursuant to the provisions of Local Rule 81.1, USI will file with the Court within the specified time certified copies of the docket sheet and all Superior Court pleadings filed in this action.

14. Written notice of the filing of this Notice of Removal will be given to adverse parties as required by law.

15. A true copy of this Notice of Removal will be filed with the Clerk of the Superior Court of Middlesex County as provided by law.

WHEREFORE, the Removing Parties, pray that the above-captioned action be removed from Middlesex Superior Court.

Respectfully submitted,

United Systems Integrators Corporation
USI Real Estate Brokerage Services Inc.

By their attorneys,

*/s/ Harry L. Manion III / Martin F. Gaynor III*

Harry L. Manion III, BBO # 317440
Martin F. Gaynor III, BBO # 564384
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110
Tel. 617-737-3100
Fax 617-737-0374

Dated:  December 30, 2003

118305v2

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 12-30-03

*/s/ Martin F. Gaynor*

4