UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL MEDICAL CARE, INC., <br> Plaintiff, <br><br> v. <br><br> UNITED SYSTEMS INTEGRATORS <br> CORPORATION and USI REAL ESTATE <br> BROKERAGE SERVICES, INC., <br> Defendants, <br><br> and <br><br> REAL ESTATE BROKERAGE <br> SERVICES, INC., <br> Third-Party Defendant. | Civil Action No.: 1:03-cv-12632-PBS |

## REPLY OF NATIONAL MEDICAL CARE, INC. TO DEFENDANTS' COUNTERCLAIM

Plaintiff and Defendant-in-Counterclaim National Medical Care, Inc., d/b/a Fresenius Medical Care North America ("NMC" or "Fresenius") replies to the Counterclaim of Defendants and Plaintiffs-in-Counterclaim United Systems Integrators Corporation and USI Real Estate Brokerage Services, Inc. (collectively, "USI") as follows:

1. NMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Counterclaim.

2. NMC admits the allegations contained in Paragraph 2 of the Counterclaim.

3. Paragraph 3 of the Counterclaim contains allegations exclusively against another party and, therefore, no response is required by NMC.

4. NMC admits the allegations contained in Paragraph 4 of the Counterclaim.

5. NMC admits the allegations contained in Paragraph 5 of the Counterclaim, except adds that NMC had a contractual right to terminate the Alliance Agreement prior to November 30, 2003 under certain circumstances.

6. NMC admits the allegations contained in Paragraph 6 of the Counterclaim, except denies that USI "did provide" the services referenced therein, insofar as the quoted phrase is intended to mean that USI performed these services fully and satisfactorily under the Alliance Agreement.

7. NMC admits the allegations contained in Paragraph 7 of the Counterclaim, except denies that USI "did provide" the services referenced therein, insofar as the quoted phrase is intended to mean that USI performed these services fully and satisfactorily under the Alliance Agreement.

8. NMC admits the allegations contained in Paragraph 8 of the Counterclaim, except denies the characterization respecting annual increases to the monthly fee. NMC further answers that the provision of the Alliance Agreement respecting annual increases to the monthly fee speaks for itself.

9. NMC admits the allegations contained in Paragraph 9 of the Counterclaim, except adds that local field delivery was to be engaged only on an as-needed basis and that NMC had a contractual right to approve or disapprove of any proposed local field delivery arrangement. Further answering, NMC states that in cases where local field delivery was not engaged, 100% of the total commission received by USI would be paid to the NMC/USI Alliance for the purpose of repaying the working capital draw.

10. NMC admits the allegations contained in Paragraph 10 of the Counterclaim, except states that market commissions on renewals and relocation assignments were to be paid by landlords and not NMC, unless otherwise agreed by NMC.

11. NMC admits the allegations contained in Paragraph 11 of the Counterclaim.

12. NMC denies the allegations contained in Paragraph 12 of the Counterclaim.

13. NMC admits the allegations contained in Paragraph 13 of the Counterclaim.

14. NMC denies USI's characterization of Section 2.1(b) of the Alliance Agreement, as set forth in Paragraph 14 of the Counterclaim. Further answering, NMC states that the decision whether to engage USI with respect to new acquisition project work was to be made "in NMC's sole and absolute discretion."

15. To the extent that Paragraph 15 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 15 of the Counterclaim.

16. NMC denies the allegations contained in Paragraph 16 of the Counterclaim and further answers that Article V of the Alliance Agreement speaks for itself.

17. To the extent that Paragraph 17 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 17 of the Counterclaim.

18. NMC denies the allegations contained in Paragraph 18 of the Counterclaim and further answers that Paragraph 5.4 of the Alliance Agreement speaks for itself.

19. NMC denies the allegations contained in Paragraph 19 of the Counterclaim.

20. NMC admits the allegations contained in Paragraph 20 of the Counterclaim, except denies that USI's recommendation respecting the addition of a second lease administrator would have been at no cost to NMC.

21. To the extent that Paragraph 21 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 21 of the Counterclaim, except admits that it hired an individual named Rae Dutton to perform lease administration work.

22. To the extent that Paragraph 22 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 22 of the Counterclaim, except admits that it hired an individual named Bill Popken to perform transaction management work.

23. To the extent that Paragraph 23 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 23 of the Counterclaim, except admits that in or around August 2000, USI proposed the addition of another transaction manager, that NMC rejected this proposal, and that NMC hired an individual named Tony Gentile to perform certain transactional work.

24. NMC denies the allegations contained in Paragraph 24 of the Counterclaim.

25. NMC denies the allegations contained in Paragraph 25 of the Counterclaim, except admits that in or around November 2002, USI provided NMC with several proposals to renew the Alliance Agreement and that NMC accorded these proposals good faith consideration.

26. NMC admits that Paragraph 26 of the Counterclaim contains an excerpt from a June 27, 2003 letter from William A. Previdi of NMC to Eric Mockler of USI. NMC further answers that this letter, which should be read in its entirety, speaks for itself.

27. NMC admits that Paragraph 27 of the Counterclaim contains an excerpt from a June 27, 2003 letter from William A. Previdi of NMC to Eric Mockler of USI. NMC further answers that this letter, which should be read in its entirety, speaks for itself.

28. NMC denies the allegations contained in Paragraph 28 of the Counterclaim, except admits that it formed Real Estate Brokerage Services, Inc. sometime after June 1, 1999, the effective date of the Alliance Agreement.

29. NMC admits that Paragraph 29 of the Counterclaim sets forth the final sentence of Section 13.6 of the Alliance Agreement. Further answering, NMC states that this provision should be read in its entirety and speaks for itself.

30. NMC denies the allegations in Paragraph 30 of the Counterclaim, except admits that it formed an entity called Real Estate Brokerage Services, Inc.

31. To the extent that Paragraph 31 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 31 of the Counterclaim.

32. To the extent that Paragraph 32 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 32 of the Counterclaim, except admits that on September 12, 2003 it sent a letter to USI in which it stated that USI was in violation of the good faith and conflict of interest provisions of the Alliance Agreement.

33. To the extent that Paragraph 33 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 33 of the Counterclaim.

34. To the extent that Paragraph 34 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 34 of the Counterclaim.

35. To the extent that Paragraph 35 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise states that the portion of the Alliance Agreement referenced in Paragraph 35 of the Counterclaim speaks for itself.

36. To the extent that Paragraph 36 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 36 of the Counterclaim.

37. To the extent that Paragraph 37 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies instructing incumbent or

prospective landlords not to pay USI commissions to which USI is or was legally entitled.

## COUNT I
### (Breach of Contract: NMC)

38. NMC incorporates by reference Paragraphs 1-37 of this Reply as though fully stated herein.

39. To the extent that Paragraph 39 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 39 of the Counterclaim.

40. To the extent that Paragraph 40 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 40 of the Counterclaim.

41. To the extent that Paragraph 41 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 41 of the Counterclaim.

42. To the extent that Paragraph 42 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 42 of the Counterclaim.

43. To the extent that Paragraph 43 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 43 of the Counterclaim.

44. To the extent that Paragraph 44 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 44 of the Counterclaim.

45. To the extent that Paragraph 45 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 45 of the Counterclaim.

46. To the extent that Paragraph 46 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 46 of the Counterclaim.

47. To the extent that Paragraph 47 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 47 of the Counterclaim.

48. To the extent that Paragraph 48 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 48 of the Counterclaim.

49. NMC denies the allegations contained in Paragraph 49 of the Counterclaim.

50. To the extent that Paragraph 50 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 50 of the Counterclaim.

## COUNT II
### (Declaratory Judgment: NMC)

51. NMC incorporates by reference Paragraphs 1-50 of this Reply as though fully stated herein.

52. To the extent that Paragraph 52 of the Counterclaim states conclusions of law, no response is required. To the extent that this paragraph purports to state allegations of fact, they are denied.

53. To the extent that Paragraph 53 of the Counterclaim states conclusions of law, no response is required. To the extent that this paragraph purports to state allegations of fact, they are denied.

54. To the extent that Paragraph 54 of the Counterclaim states conclusions of law, no response is required. To the extent that this paragraph purports to state allegations of fact, they are denied.

## COUNT III
### (Intentional Interference With Contractual Relations: NMC and REBS)

55. NMC incorporates by reference Paragraphs 1-54 of this Reply as though fully stated herein.

56. NMC admits the allegations contained in Paragraph 56 except denies that the real estate owners had an obligation to pay commissions to USI.

57. NMC admits that it was aware of certain agreements that USI had formed with third-party real estate owners.

58. To the extent that Paragraph 58 of the Counterclaim states a conclusion of law, no response is required. Further answering, NMC denies instructing the referenced real estate owners not to pay USI commissions to which USI is or was legally entitled.

59. To the extent that Paragraph 59 of the Counterclaim states a conclusion of law, no response is required. Insofar as this paragraph purports to state allegations of fact, they are denied.

## COUNT IV
### (Misappropriation of Trade Secrets: NMC and REBS)

60. NMC incorporates by reference Paragraphs 1-59 of this Reply as though fully stated herein.

9

61. NMC denies the allegations contained in Paragraph 61 of the Counterclaim.

62. To the extent that Paragraph 62 of the Counterclaim states a conclusion of law, no response is required. NMC further answers that Section 13.6 of the Alliance Agreement, which is referenced therein, speaks for itself.

63. To the extent that Paragraph 63 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 63 of the Counterclaim.

64. To the extent that Paragraph 64 of the Counterclaim contains allegations exclusively against third-party defendant REBS, no response is required. NMC otherwise denies the allegations contained in Paragraph 64 of the Counterclaim.

## COUNT V
## (M.G.L. c. 93A: NMC and REBS)

65. NMC incorporates by reference Paragraphs 1-64 of this Reply as though fully stated herein.

66. NMC admits that it is engaged in the conduct of business in Massachusetts. Insofar as Paragraph 66 of this Counterclaim states allegations exclusively respecting other parties, no response is required.

67. To the extent that Paragraph 67 of the Counterclaim states a conclusion of law, no response is required. NMC otherwise denies the allegations contained in Paragraph 67 of the Counterclaim. Insofar as this paragraph states allegations exclusively respecting other parties, no response is required.

68. NMC denies the allegations contained in Paragraph 68 of the Counterclaim. Insofar as this paragraph states allegations exclusively against other parties, no response is required.

## COUNT VI
### (Specific Performance: NMC and REBS)

69. NMC incorporates by reference Paragraphs 1-68 of this Reply as though fully stated herein.

70. NMC admits that Paragraph 70 of the Counterclaim sets forth the last sentence of Section 13.6 of the Alliance Agreement. Further answering, NMC states that this provision should be read in its entirety and speaks for itself.

71. NMC denies the allegations contained in Paragraph 71 of the Counterclaim.

72. To the extent that Paragraph 72 of the Counterclaim states a conclusion of law, no response is required. Insofar as this paragraph purports to state allegations of fact, they are denied.

73. To the extent that Paragraph 73 of the Counterclaim states a conclusion of law, no response is required. Insofar as this paragraph purports to state allegations of fact regarding NMC, they are denied. To the extent that this paragraph purports to state allegations of fact against any other party, no response is required.

The paragraph following Paragraph 73 of the Counterclaim is a prayer for relief and requires no response.

## FIRST AFFIRMATIVE DEFENSE

USI's Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

USI was aware at all relevant times of NMC's use of REBS, assented to such use, and therefore has waived any objections thereto.

### THIRD AFFIRMATIVE DEFENSE

NMC has not disclosed any confidential USI information or trade secrets to REBS or to any other individual or company.

### FOURTH AFFIRMATIVE DEFENSE

USI's contract claims are barred as a consequence of its prior material breaches of the Alliance Agreement.

### FIFTH AFFIRMATIVE DEFENSE

USI's claims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

USI's claims are barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

USI's claims are barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Any communications between NMC and third-party real estate owners in contractual privity with USI were privileged, thereby barring USI's claim for intentional interference with contractual relations.

### NINTH AFFIRMATIVE DEFENSE

USI agreed to NMC's calculation of certain disputed payments under the Alliance Agreement and accepted payment of same, thereby barring USI's contract claims for same under the doctrines of accord and satisfaction, payment, and release.

## TENTH AFFIRMATIVE DEFENSE

NMC's decision not to engage USI for certain new acquisition project work was within NMC's "sole and absolute discretion" and, therefore, is not actionable.

## JURY DEMAND

NMC demands a trial by jury on all issues so triable.

Respectfully submitted,

NATIONAL MEDICAL CARE, INC.

By its attorneys,

*/s/ Todd A. Newman*
John D. Hanify (BBO #219880)
David Lee Evans (BBO #156695)
Todd A. Newman (BBO #629614)

Hanify & King
Professional Corporation
One Beacon Street
Boston, MA 02108
(617) 423-0400

Dated: January 28, 2004

#394907

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL-[hand] ON 01-28-04

13

**HK**     **Hanify&King**

TODD A. NEWMAN
Direct Dial: 617-226-3441
Email: tan@hanify.com

January 28, 2004

**BY HAND/ROUND TRIP**

Clerk's Office
U.S. District Court
U.S. Courthouse
One Courthouse Way
Boston MA 02110

    RE:    National Medical Care, Inc. v.
              United Systems Integrators Corporation
              And USI Real Estate Brokerage Services, Inc.
              Civil Action No. 1:03-cv-12632-PBS

Dear Sir or Madam:

Enclosed herewith for filing please find the following documents:

1. Reply of National Medical Care, Inc. to Defendants' Counterclaim; and
2. Answer of Third-Party Defendant Real Estate Brokerage Services, Inc.

Kindly file in your usual manner and return a date-stamped copy of the enclosed to me via our messenger.

If you have any questions or comments, please feel free to contact me.

                                               Sincerely,

                                               Todd A. Newman

TAN/pm (396375)
Enclosures
cc:    Martin Gaynor, Esq.
       David Lee Evans, Esq.

Professional Corporation
Counsellors at Law

One Beacon Street
Boston, Massachusetts 02108-3107
Tel: 617-423-0400
Fax: 617-423-0498
www.hanify.com