UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL MEDICAL CARE, INC.,<br>      Plaintiff,<br><br>v.<br><br>UNITED SYSTEMS INTEGRATORS<br>CORPORATION and USI REAL ESTATE<br>BROKERAGE SERVICES, INC.,<br>      Defendants,<br><br>and<br><br>REAL ESTATE BROKERAGE<br>SERVICES, INC.,<br>      Third-Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.: 1:03-cv-12632-PBS |

## ANSWER OF THIRD-PARTY DEFENDANT
## REAL ESTATE BROKERAGE SERVICES, INC.

Third-Party Defendant Real Estate Brokerage Services, Inc., n/k/a Health

Property Services, Inc. ("REBS") answers the Third-Party Complaint of Defendants and

Third-Party Plaintiffs United Systems Integrators Corporation and USI Real Estate

Brokerage Services, Inc. (collectively "USI") as follows:

      1.    REBS lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 1 of the Third-Party Complaint.[1]

      2.    Paragraph 2 of the Third-Party Complaint contains allegations exclusively

against another party and, therefore, no response is required by REBS.

      3.    REBS admits the allegations in Paragraph 3 of the Third-Party Complaint.

---

[1] USI has styled its Third-Party Complaint as a "Counterclaim." For purposes of clarity, we refer herein to
USI's pleading as a "Third-Party Complaint."

4.       REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

5.       REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

6.       REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

7.       REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

8.       REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

9.       REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Third-Party Complaint. Further

answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

   10. REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

   11. REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

   12. REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

   13. REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

   14. REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

15.    REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

16.    REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

17.    REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

18.    REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

19.    REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

20.    REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Third-Party Complaint. Further

answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

21.    REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

22.    REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

23.    REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

24.    REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

25.    REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

26.     REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

27.     REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

28.     REBS denies the allegations contained in Paragraph 28 of the Third-Party Complaint as they pertain to it, except admits that REBS was formed by NMC sometime after June 1, 1999, the effective date of the Alliance Agreement. REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph insofar as they regard the systems, databases, or processes in place at NMC to organize its real estate transactions.

29.     REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

30.     REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Third-Party Complaint, except admits that its original name was Real Estate Brokerage Services, Inc.

31.    REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

32.    REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

33.    REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

34.    REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

35.    REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Third-Party Complaint. Further answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

36.    REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Third-Party Complaint. Further

answering, REBS states that this paragraph contains allegations exclusively against another party and, therefore, no response is required by REBS.

37.    To the extent that Paragraph 37 of the Third-Party Complaint states a conclusion of law, no response is required. REBS otherwise denies participation in any endeavor to instruct incumbent or prospective landlords not to pay USI commissions to which USI is or was legally entitled.

**COUNT I**
**(Breach of Contract: NMC)**

38.    REBS incorporates by reference Paragraphs 1-37 of this Answer as though fully stated herein.

39.    Paragraphs 39-50 of the Third-Party Complaint state allegations exclusively against another party and, therefore, no response is required. Further answering, REBS denies any and all allegations therein insofar as they may be construed to mean that REBS participated in obtaining, receiving, or using any confidential processes or procedures of USI.

40.    Paragraphs 39-50 of the Third-Party Complaint state allegations exclusively against another party and, therefore, no response is required. Further answering, REBS denies any and all allegations therein insofar as they may be construed to mean that REBS participated in obtaining, receiving, or using any confidential processes or procedures of USI.

41.    Paragraphs 39-50 of the Third-Party Complaint state allegations exclusively against another party and, therefore, no response is required. Further answering, REBS denies any and all allegations therein insofar as they may be construed

to mean that REBS participated in obtaining, receiving, or using any confidential processes or procedures of USI.

42.    Paragraphs 39-50 of the Third-Party Complaint state allegations exclusively against another party and, therefore, no response is required.  Further answering, REBS denies any and all allegations therein insofar as they may be construed to mean that REBS participated in obtaining, receiving, or using any confidential processes or procedures of USI.

43.    Paragraphs 39-50 of the Third-Party Complaint state allegations exclusively against another party and, therefore, no response is required.  Further answering, REBS denies any and all allegations therein insofar as they may be construed to mean that REBS participated in obtaining, receiving, or using any confidential processes or procedures of USI.

44.    Paragraphs 39-50 of the Third-Party Complaint state allegations exclusively against another party and, therefore, no response is required.  Further answering, REBS denies any and all allegations therein insofar as they may be construed to mean that REBS participated in obtaining, receiving, or using any confidential processes or procedures of USI.

45.    Paragraphs 39-50 of the Third-Party Complaint state allegations exclusively against another party and, therefore, no response is required.  Further answering, REBS denies any and all allegations therein insofar as they may be construed to mean that REBS participated in obtaining, receiving, or using any confidential processes or procedures of USI.

46.     Paragraphs 39-50 of the Third-Party Complaint state allegations exclusively against another party and, therefore, no response is required. Further answering, REBS denies any and all allegations therein insofar as they may be construed to mean that REBS participated in obtaining, receiving, or using any confidential processes or procedures of USI.

47.     Paragraphs 39-50 of the Third-Party Complaint state allegations exclusively against another party and, therefore, no response is required. Further answering, REBS denies any and all allegations therein insofar as they may be construed to mean that REBS participated in obtaining, receiving, or using any confidential processes or procedures of USI.

48.     Paragraphs 39-50 of the Third-Party Complaint state allegations exclusively against another party and, therefore, no response is required. Further answering, REBS denies any and all allegations therein insofar as they may be construed to mean that REBS participated in obtaining, receiving, or using any confidential processes or procedures of USI.

49.     Paragraphs 39-50 of the Third-Party Complaint state allegations exclusively against another party and, therefore, no response is required. Further answering, REBS denies any and all allegations therein insofar as they may be construed to mean that REBS participated in obtaining, receiving, or using any confidential processes or procedures of USI.

50.     Paragraphs 39-50 of the Third-Party Complaint state allegations exclusively against another party and, therefore, no response is required. Further answering, REBS denies any and all allegations therein insofar as they may be construed

to mean that REBS participated in obtaining, receiving, or using any confidential processes or procedures of USI.

## COUNT II
### (Declaratory Judgment: NMC)

51.    REBS incorporates by reference Paragraphs 1-50 of this Answer as though fully stated herein.

52.    Paragraphs 52-54 of the Third-Party Complaint state allegations exclusively against another defendant and, therefore, no response is required.

53.    Paragraphs 52-54 of the Third-Party Complaint state allegations exclusively against another defendant and, therefore, no response is required.

54.    Paragraphs 52-54 of the Third-Party Complaint state allegations exclusively against another defendant and, therefore, no response is required.

## COUNT III
### (Intentional Interference With Contractual Relations: NMC and REBS)

55.    REBS incorporates by reference Paragraphs 1-54 of this Answer as though fully stated herein.

56.    REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Third-Party Complaint and therefore denies same.

57.    REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Third-Party Complaint and therefore denies same.

58.    REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Third-Party Complaint and

therefore denies same. Further answering, REBS denies participation in any endeavor to instruct real estate owners not to pay USI commissions to which USI is or was legally entitled.

59.     REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Third-Party Complaint and therefore denies same.

**COUNT IV**
**(Misappropriation of Trade Secrets: NMC and REBS)**

60.     REBS incorporates by reference Paragraphs 1-59 of this answer as though fully stated herein.

61.     REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Third-Party Complaint and therefore denies same.

62.     REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Third-Party Complaint and therefore denies same.

63.     REBS denies the allegations contained in Paragraph 63 of the Third-Party Complaint insofar as they regard REBS. REBS otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Third-Party Complaint and therefore denies same.

64.     To the extent that Paragraph 64 of the Third-Party Complaint contains allegations exclusively against NMC, no response is required. REBS otherwise denies the allegations contained in Paragraph 64 of the Third-Party Complaint.

## COUNT V
## (M.G.L. c. 93A: NMC and REBS)

65.    REBS incorporates by reference Paragraphs 1-64 of this Answer as though fully stated herein.

66.    REBS admits that it is engaged in the conduct of business in Massachusetts. Insofar as Paragraph 66 of this Third-Party Complaint states allegations exclusively respecting other parties, no response is required.

67.    To the extent that Paragraph 67 of the Third-Party Complaint states a conclusion of law, no response is required. REBS otherwise denies the allegations contained in Paragraph 67 of the Third-Party Complaint. Insofar as this paragraph states allegations exclusively respecting other parties, no response is required.

68.    REBS denies the allegations contained in Paragraph 68 of the Third-Party Complaint. Insofar as this paragraph states allegations exclusively against other parties, no response is required.

## COUNT VI
## (Specific Performance: NMC and REBS)

69.    REBS incorporates by reference Paragraphs 1-68 of this Answer as though fully stated herein.

70.    REBS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Third-Party Complaint and therefore denies same.

71.    REBS denies the allegations contained in Paragraph 71 of the Third-Party Complaint insofar as they regard REBS. REBS otherwise lacks knowledge or

- 13 -

information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Third-Party Complaint and therefore denies same.

72.     To the extent that Paragraph 72 of the Third-Party Complaint states a conclusion of law, no response is required.  This paragraph otherwise states allegations exclusively against another party and, therefore, no response is required.

73.     To the extent that Paragraph 73 of the Third-Party Complaint states a conclusion of law, no response is required.  Insofar as this paragraph purports to state allegations of fact regarding REBS, they are denied.  To the extent that this paragraph purports to state allegations of fact against any other party, no response is required.

The paragraph following Paragraph 73 of the Third-Party Complaint is a prayer for relief and requires no response.

## FIRST AFFIRMATIVE DEFENSE

USI's Third-Party Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

USI was aware at all relevant times of NMC's use of REBS, assented to such use, and therefore has waived any objections thereto.

## THIRD AFFIRMATIVE DEFENSE

NMC has not disclosed any confidential USI information or trade secrets to REBS, and REBS has used no such information or trade secrets in the conduct of its business.

## FOURTH AFFIRMATIVE DEFENSE

USI's claims are barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

USI's claims are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

USI's claims are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Any communications between NMC and third-party real estate owners in contractual privity with USI respecting instructions to pay commissions to REBS were privileged, thereby barring USI's claim for intentional interference with contractual relations.

## JURY DEMAND

REBS demands a trial by jury on all issues so triable.

Respectfully submitted,

REAL ESTATE BROKERAGE SERVICES, INC.,
n/k/a HEALTH PROPERTY SERVICES, INC.

By its attorneys,

John D. Hanify (BBO #219880)
David Lee Evans (BBO #156695)
Todd A. Newman (BBO #629614)

Hanify & King
Professional Corporation
One Beacon Street
Boston, MA 02108
(617) 423-0400

Dated: January 28, 2004

#395473

CERTIFICATE OF SERVICE
I HEREBY CERTIFY THAT A TRUE COPY OF THE
ABOVE DOCUMENT WAS SERVED UPON THE
ATTORNEY OF RECORD FOR EACH OTHER
PARTY BY MAIL-FAXED ON _01·28·04_
_TAN_

- 15 -